NOT DESIGNATED FOR PUBLICATION

No. 113,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY G. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed March 11, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before HILL, P.J., MCANANY and ARNOLD-BURGER, JJ.

*Per Curiam*: Anthony G. Taylor appeals the district court's order revoking his probation and imposing his underlying prison sentence. We granted Taylor's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Based on the record, we find no abuse of discretion and, therefore, affirm.

In September 2013, the State charged Taylor with aggravated assault and two counts of aggravated battery. In June 2014, pursuant to a plea agreement with the State, Taylor pled guilty to aggravated assault and aggravated battery, and, in exchange, the State dismissed the remaining count and agreed to recommend a dispositional departure to probation at sentencing.

1

At the sentencing hearing in August 2014, the district court noted that Taylor's criminal history score was A, imposed an underlying prison term of 47 months, but granted Taylor a dispositional departure of 24 months' probation. The district court judge warned Taylor: "[Y]ou should know it's a no tolerance probation. You have to do each and every thing that you're required to do on probation."

In January 2015, Taylor stipulated to violating several conditions of his probation by operating a car without a valid driver's license or insurance, having contact with the victim of his underlying offenses, and failing to report police contact to his parole officer. Taylor requested that the district court reinstate his probation despite the violations, arguing he was otherwise abiding by the conditions of his probation.

The district court revoked Taylor's probation and imposed the underlying prison sentence. Taylor appeals.

Taylor does not argue the district court was required to first impose an intermediate sanction. Moreover, he concedes the district court revoked his probation, in part, based on his stipulation that he committed a new crime. See K.S.A. 2015 Supp. 22-3716(c)(8). Taylor provides no basis for his assertion that the district court abused its discretion.

Unless required by law, probation is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established that a probation violation has occurred, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or because it was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The litigant claiming an

2

abuse of discretion bears the burden of proof. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

We find nothing unreasonable about the district court's decision. At sentencing, the district court showed leniency when it granted Taylor a dispositional departure to probation. But Taylor failed to take advantage of the opportunity by failing to comply with the conditions of his probation. The district court did not abuse its discretion in revoking Taylor's probation and imposing his underlying prison sentence.

Affirmed.